JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTLE R. DEGROAT, GLENN VAN DUNK, JR., JUNE L. VAN DUNK, CAROL M. CROCI, CLAYTON D. MANN, EDWIN O. MANN, SR., PENELOPE L. MANN, WILLIAM MANN III

(b) County of Residence of First Listed Plaintiff  **ORANGE COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
TIFFANY BURRESS, ESQ.
DARIO YACKER SUAREZ & ALBERT, LLC
345 UNION STREET, HACKENSACK, NEW JERSEY 07601

## DEFENDANTS
SCOTT COOPER, MICHAEL COSTIGAN, JENNIFER DAVISSON, LEONARDO DICAPRIO, BRAD INGLESBY, RYAN KAVANAUGH, RIDLEY SCOTT, TONY SCOTT, APPIAN WAY, LLC., ET ALS.

County of Residence of First Listed Defendant  **LOS ANGELES COUNTY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
False Light/Defamation/Intentional Infliction of Emotional Distress

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/02/2014
SIGNATURE OF ATTORNEY OF RECORD: *Tiffany Burress*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

DARIO YACKER SUAREZ & ALBERT, LLC
TIFFANY BURRESS, ESQ. - 015152006
345 Union Street
Hackensack, New Jersey 07601
Tel: 201-968-5800
Fax: 201-968-5801
Email: tiffany@dylegal.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTLE R. DEGROAT, GLENN VAN DUNK JR., JUNE L. VAN DUNK, CAROL M. CROCI, CLAYTON D. MANN, EDWIN O. MANN, SR., PENELOPE L. MANN, WILLIAM MANN III, <br><br> PLAINTIFF(S) <br><br> V. <br><br> SCOTT COOPER, MICHAEL COSTIGAN, JENNIFER DAVISSON, LEONARDO DICAPRIO, BRAD INGLESBY, RYAN KAVANAUGH, RIDLEY SCOTT, TONY SCOTT, APPIAN WAY, LLC., ENERGY ENTERTAINMENT, NEW YORK POST, RED GRANITE PICTURE, INC., RELATIVITY MEDIA, LLC., SCOTT FREE PRODUCTIONS INC., <br><br> DEFENDANT(S) | Case NO.: <br><br> Civil Action <br><br><br><br> *COMPLAINT* <br><br> and <br><br> *JURY DEMAND* |

The Plaintiffs Christle R. DeGroat, Glenn Van Dunk Jr., June L. Van Dunk, Carol M. Croci, Clayton D. Mann, Edwin O. Mann, Sr., Penelope L. Mann and William Mann III, by and through their attorney, Tiffany Glenn Burress, Esq. of the Law Offices of Dario, Yacker, Suarez & Albert, alleges the following information and belief:

1

## PARTIES

1. Plaintiff, Christle R. DeGroat, is a citizen of the State of New York having resided in the County of Orange during all times relevant to this complaint.

2. Plaintiff, Glenn Van Dunk Jr., is a citizen of the State of New York having resided in the County of Rockland during all times relevant to this complaint.

3. Plaintiff, June L. Van Dunk, is a citizen of the State of New York having resided in the County of Rockland during all times relevant to this complaint.

4. Plaintiff, Carol M. Croci, is a citizen of the State of New York having resided in the County of Monroe during all times relevant to this complaint.

5. Plaintiff, Clayton D. Mann, is a citizen of the State of New Jersey having resided in the County of Bergen during all times relevant to this complaint.

6. Plaintiff, Edwin O. Mann, Sr., is a citizen of the State of New York having resided in the County of Rockland during all times relevant to this complaint.

7. Plaintiff, Penelope L. Mann, is a citizen of the State of New York having resided in the County of Rockland during all times relevant to this complaint.

8. Plaintiff, William Mann, III, is a citizen of the State of Mahwah having resided in the County of Rockland during all times relevant to this complaint.

9. Defendant, Scott Cooper, is, on information and belief, a resident and citizen of the State of California.

10. Defendant, Michael Costigan, is, on information and belief, a resident and citizen of the State of California.

11. Defendant, Jennifer Davisson, is, on information and belief, a resident and citizen of

the State of California.

12. Defendant, Leonardo DiCaprio, is, on information and belief, a resident and citizen of the State of California.

13. Defendant, Brad Inglesby, is, on information and belief, a resident and citizen of the State of California.

14. Defendant, Ryan Kavanaugh, is, on information and belief, a resident and citizen of the State of California.

15. Defendant, Ridley Scott, is, on information and belief, a resident and citizen of the State of California.

16. Defendant, Tony Scott, is, on information and belief, a resident and citizen of the State of California.

17. Defendant, Appian Way, LLC, is, on information and belief, a resident and citizen of the State of California.

18. Defendant, Energy Entertainment, is, on information and belief, a resident and citizen of the State of California.

19. Defendant, New York Post, is, on information and belief, a resident and citizen of the State of New York.

20. Defendant, Red Granite Picture, Inc., is, on information and belief, a resident and citizen of the State of California.

21. Defendant, Relativity Media, LLC., is, on information and belief, a resident and citizen of the State of California.

22. Defendant, Scott Free Productions, Inc., is, on information and belief, a resident and

3

citizen of the State of California.

## JURISDICTION

23. The jurisdiction of this Court is invoked by Plaintiffs pursuant to 28 U.S.C. Section 1332, which confer original jurisdiction upon the Court on the ground that there is diversity of citizenship and the amount in controversy exceeds $75,000.

24. Venue is proper in the District of New Jersey under 28 U.S.C. Section 1391, which confer jurisdiction upon the Court on the ground that a substantial part of the events giving rise to the claim occurred in New Jersey and some of the Plaintiffs are New Jersey residents.

## FACTS

25. All of the Plaintiffs are people from the Ramapo Mountains with last names that are common and unique to the Ramapo Mountains.

26. The Plaintiffs are not a representation of the Ramapough Lenape tribe.

27. The people from the Ramapo Mountains are a group of people that live around the Ramapo Mountains of Bergen County in New Jersey and the Ramapo Mountains of Rockland County in Southern New York. They are most commonly associated with the New Jersey towns of Mahwah and Ringwood and the southern New York state towns of Hillburn and Suffern.

28. The people from the Ramapo Mountains were historically discriminated against in educational and employment settings and opportunities. They were forced to attend segregated schools in Mahwah, New Jersey until the 1930s. The Hillburn school district was integrated in the 1940's when Thurgood Marshall, acting for the NAACP, filed an action challenging the segregation.

4

29. The people from the Ramapo Mountains have been referred to as inbreds even though there has not been any evidence to prove this to be true. They have also been referred to as "Jackson Whites". There are different theories where the word "Jackson Whites" originated from. The word "Jackson Whites" and the theories are used in the negative.

30. DeGroat, Van Dunk and Mann are well known common surnames among the people from the Ramapo Mountains.

31. Defendants (except the New York Post) collectively created, produced and distributed the movie, Out of the Furnace. Out of the Furnace had a limited release on December 4, 2013. It had a wide theatrical release on December 6, 2013.

32. The New York Post stated, "Out of the Furnace introduces viewers to a community of tough-as-nails New Jersey hillbillies who live in a self-contained world of drugs, violence and trailer homes". It then went on to state that the movie is based on the NJ's Ramapo Mountain People.

33. Out of the Furnace revolves around a character played by Christian Bale who tries to keep his brother, a character played by Casey Affleck, out of trouble. In the movie Casey Affleck ends up owing a guy a lot of money and gets involved in an underground bare-knuckle fight ring to pay off his debt. Casey Affleck goes to the Ramapo Mountains to do his last fight that leads to his murder. He is murdered by an awful man named Harlen DeGroat who is played by Woody Harrelson.

34. Harlan DeGroat, the ring leader in the Ramapo Mountains, is characterized in the movie as, "The Worse." The movie makes negative statements about DeGroat and the

5

Ramapo Mountain People. It states, "Inbred mountain folk from Jersey", "You fuck with these inbreds, you'll come crawling back if you're lucky.", "In the Ramapo, they have fights.", "DeGroat is a nasty son of a bitch. Money and drugs drove the crazy son of a bitch."

35. <u>Out of the Furnace</u> characterizes the Ramapo Mountain people in an extremely negative manner.

36. Harlen DeGroat is characterized as the most awful human walking. The movie consistently refers to Harlen DeGroat as DeGroat. There are a few times when his first and last name are mentioned together. Every time his name is mentioned, the name DeGroat is used.

37. The local chief of police in the movie, portrayed by Forrest Whitaker, states that he has spoken to "Bergen County", that "the people up in those hills", that is a "whole nother world up there" with their "own breed of justice". He states that "generations upon generation of these people never come down from that mountain".

38. The Bergen County Cop states, "If the locals knew why you were here, they'd zip you up and put you in a body bag".

39. Harlen DeGroat and his gang are easily recognized in the movie as residents of the state of New Jersey and are referred to as the Ramapo Mountain People.

40. It is common knowledge that the people from the Ramapo Mountains live in the Ramapo Mountains in New Jersey.

41. The movie shows a police car that has "Bergen County" on it and has a police officer wearing a Bergen County uniform.

42. The movie and article in the New York Post places Plaintiffs and their family

6

members in a false light. Each have had an extremely negative effect on Plaintiffs' community. It is extremely embarrassing to the Plaintiffs. Plaintiffs and their family members are harassed and discriminated against. The children are teased at school.

## I.
## COUNT ONE
## FALSE LIGHT

43. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

44. Defendants, the people and companies affiliated with the movie, place the Plaintiffs in a false light by the collective action of setting the scene in the Ramapo Mountains of New Jersey, by using DeGroat and Van Dunk surnames in an extremely negative manner and by making several negative comments regarding the Ramapo people in the movie which result in the negative association between the Plaintiffs and the movie.

45. Defendant New York Post places Plaintiffs in a false light by writing an article titled, "New movie lifts curtain on NJ's Ramapough Mountain People" on December 2, 2013. It states that the movie "introduces viewers to a community of tough-as-nails New Jersey hillbillies who live in a self-contained world of drugs, violence and trailer homes." These statements, along with others, result in a negative association between the Plaintiffs and the movie.

46. The false light in which the Plaintiffs are placed would be highly offensive to a reasonable person. Plaintiffs are extremely humiliated and embarrassed by the false representations made about the people who live in the Ramapo Mountains and by the false representation of the DeGroat and Van Dunk surnames.

7

47. Defendants had knowledge of or acted in disregard as to the falsity of the publicized matter and the false light in which the Plaintiffs are placed.

48. As a direct and proximate cause of the aforementioned, Plaintiffs have suffered and will continue to suffer emotional and psychological damages in an amount to be determined by a jury. Because of Defendants' outrageous conduct, Plaintiffs seek punitive damages in their individual capacity in an amount to be determined by a jury.

## II.
## COUNT TWO
## DEFAMATION

49. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

50. The conduct of the defendants constitutes defamation by the defendants. The Plaintiffs are not the worse people, do not live in trailer homes, are not involved in an underground bare-knuckle fight ring and do not live in a self-contained world of drugs and violence.

51. Defendants' defamatory statements were made publicly.

52. Defendants' defamatory statements were made intentionally and with reckless disregard to the truth or veracity of the statements.

53. As a direct and proximate cause of the aforementioned, Plaintiffs have suffered and will continue to suffer severe emotional and psychological damages in an amount to be determined by a jury. Because of the Defendants' outrageous conduct, Plaintiffs seek punitive damages in their individual capacity in an amount to be determined by a jury.

8

## III.
## COUNT THREE
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

55. Defendants' conduct, as described above, was intentional and reckless.

56. Defendants' conduct was extreme and outrageous.

57. By the act of using Plaintiff's surnames, referring to them as people in the Ramapo Mountains in conjunction with their geographical location, Defendants caused the Plaintiffs to suffer severe physical and emotional distress.

58. As a direct and proximate cause of the aforementioned, Plaintiffs are extremely embarrassed, shamed and humiliated by the movie and newspaper article.

59. As s result of the foregoing, Plaintiffs have suffered and will continue to suffer severe emotional and physical damages in an amount to be determined by a jury. Because of Defendants' outrageous conduct, Plaintiffs seek punitive damages in their individual capacity in an amount to be determined by a jury.

WHEREFORE, Plaintiffs pray that this Court enter an order finding as follows:

(a) That Plaintiffs recover from the Defendants compensatory damages, exemplary and punitive damages, attorney's fees, such other monetary relief as requested herein or may be deemed appropriate in an amount to be determined by a jury.

(b) And that the Court grant such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs request a trial by jury on all issues so triable.

DATED: January 02, 2014

LAW OFFICES OF DARIO, YACKER
SUAREZ & ALBERT, L.L.C

By: *Tiffany Burress*
Tiffany Glenn Burress
Attorney for Plaintiffs
345 Union Street
Hackensack, New Jersey 07601
Tel: 201-968-5800
Fax: 201-968-5801
E-Mail: tiffany@dylegal.com

10